**SIGNED this 22 day of March, 2018.**



_____
**James P. Smith
Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 13 |
| | : | |
| NIKIKI MCCALLUM, | : | |
| Debtor | : | Case No. 17-51487-JPS |
| | : | |
| NIKIKI MCCALLUM, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 17-5054 |
| BANK OF AMERICA, N.A. and | : | |
| NARJARIAN CAPITAL, LLC, | : | |
| Defendants | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

    For Debtor/Plaintiff:                  Daniel Lewis Wilder
                                                      Law Offices of Emmett L. Goodman, Jr.
                                                      544 Mulberry Street
                                                      Suite 800
                                                      Macon, GA 31201

    For Defendant Bank of
    America, N.A.:                      Paul A. Rogers
                                                      McGuire Woods, LLP
                                                      1230 Peachtree Street NE
                                                      Promenade II, Ste 2100
                                                      Atlanta, GA 30309-3534

    For Defendant Narjarian
    Capital, LLC:                       Kane St. John
                                                      Law Office of Kane St. John
                                                      2164 Pawnee Drive
                                                      Marietta, GA 30067

# MEMORANDUM OPINION

In this adversary proceeding, Debtor seeks to set aside the alleged wrongful foreclosure on her residence. Defendant Bank of America, N.A. ("BOA") has filed a motion for judgment on the pleadings. The Court, having considered the motion, the response, the pleadings, the briefs of counsel and the applicable law, now publishes this memorandum opinion.

As a threshold matter, BOA argues that the Court lacks subject matter jurisdiction[1] because the claims asserted in Debtor's complaint are non-core proceedings that do not arise under and are not related to a case under Title 11.[2] 28 U.S.C. § 1334(b) provides:

> (b) Except as provided in subsection (e)(2)[3] and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.[4]

In Continental Nat'l Bank v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir.

---

[1] Fed.R.Civ.P. 12(b)(1). BOA also asserted this as the eighth affirmative defense in its answer. Doc. No. 18 p 10. See Fed.R.Bankr.P. 7012(b) (Rule 12(b) applies in adversary proceedings.)

[2] Both Debtor and BOA consent to this Court entering a final judgment on this motion for judgment on the pleadings. Doc. No. 1 p 3 para. 5; Doc. No. 23 p 7 fn 6. Accordingly, the Court need not consider whether the claims asserted in this adversary proceeding are core or non-core.

[3] Subsection (e)(2) provides that the district court has exclusive jurisdiction over the employment of professional persons in a bankruptcy proceeding.

[4] Pursuant to 11 U.S.C. § 157(a) and In re Standing Order of Reference Re: Title 11 (M.D. Ga. Feb. 21, 2012), the District Court for the Middle District of Georgia has referred this jurisdiction to the Bankruptcy Court.

1999), the Eleventh Circuit stated:

> "Arising under" proceedings are matters invoking a substantive right created by the Bankruptcy Code. Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987); 1 Collier on Bankruptcy ¶ 3.01[4][c][i]. The "arising in a case under" category is generally thought to involve administrative-type matters. 1 Collier on Bankruptcy ¶ 3.01[4][c][iv], or as the Wood court put it, "matters than could arise only in bankruptcy," Wood, 825 F.2d at 97.

In Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990) the Eleventh Circuit stated:

> In Pacor, Inc. v. Higgins the Third Circuit enunciated a test for determining whether a civil proceeding is sufficiently related to bankruptcy to confer federal jurisdiction on the district court. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." We join the majority of the circuits that have adopted the Pacor formulation.

Count One of Debtor's complaint seeks to set aside the foreclosure on her residence. If Debtor is successful, title will revert to Debtor, the debt to BOA will be reinstated and Debtor will have to provide for the debt in her Chapter 13 plan. Clearly, the Court has "related to" jurisdiction over Count One because "the outcome could alter the debtor's rights, liabilities, options...." Id.

Counts Two and Three assert avoidance claims under 11 U.S.C. §§ 547, 548, and 549. Count Four asserts a claim for violation of the automatic stay under 11 U.S.C. § 362. Accordingly, all of these claims "arise under title 11" and the Court, therefore, has subject

4

matter jurisdiction.

## FACTS

The Court now turns to the merits of Debtor's complaint.

> "'Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.' In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party. If a comparison of the averments in the competing pleadings reveals a material dispute of facts, judgment on the pleadings must be denied."

Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation marks and citation omitted).

The following facts from the pleadings are deemed true. Debtor owed a debt to BOA that was secured by a deed to secure debt on real property at 617 Crabapple Place, Macon, Georgia 31217 (the "Property"). In early 2017, Debtor became delinquent on the debt. Unbeknownst to Debtor, BOA commenced foreclosure proceedings on or about May 25, 2017. Although BOA sent notice of the foreclosure proceedings to Debtor by certified mail, this notice was not delivered to Debtor by the U.S. Postal Service and remains "In Transit." BOA could have determined that the notice, which was sent by certified mail, had not been delivered to Debtor.

On July 5, 2017, BOA sold the Property at a non-judicial foreclosure sale to Najarian Capital, LLC for the bid price of $88,500. At the time of the sale, Debtor had sufficient funds to bring her debt current. Debtor first became aware of the foreclosure proceedings a day or two after the sale when Najarian Capital posted an ownership and eviction notice on Debtor's

door. Najarian Capital filed an eviction proceeding in the Magistrate Court of Bibb County, which has been stayed by consent of Debtor and Najarian Capital pending further order of this Court.

Debtor filed a Chapter 13 bankruptcy case on July 14, 2017. Her schedules reflect that she owed BOA $103,000 and that the value of the Property was $123,000. BOA filed in the real-estate records a foreclosure deed conveying the Property to Najarian Capital postpetition on July 28, 2017. BOA has failed and refused Debtor's requests to consent to set aside the foreclosure sale.

## DISCUSSION

In Count One of her complaint, Debtor asserts a wrongful foreclosure claim against BOA, contending that the foreclosure sale did not comply with applicable state law and violated due process. The sole basis for this contention is the fact that she did not receive the notice of foreclosure which BOA is required to give pursuant to O.C.G.A. § 44-14-162.2.[5] Debtor seeks to set aside the foreclosure, have title to the Property restored to her, and an award of damages.[6]

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the

---

[5] Debtor does not contend that BOA failed to send the notice, that the notice was legally deficient or improperly addressed. Nor does she contend that BOA failed to comply with the foreclosure statute in any other way.

[6] BOA argues that Debtor's failure to tender the amount due on her debt is fatal to her claim to set aside the foreclosure. The Court need not address this argument since Debtor's claim fails for other reasons.

breach of that duty and the injury it sustained, and damages." (citations and punctuation omitted). Racette v. Bank of America, N.A., 318 Ga.App. 171, 174, 733 S.E.2d 457 (2012). O.C.G.A. § 44-14-162.2 provides:

> (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.
>
> (b) The notice required by subsection (a) of this Code section shall be given by mailing or delivering to the debtor a copy of the notice of sale to be submitted to the publisher.

(emphasis added).

Exhibit A[7] to Debtor's complaint (Doc. #4) is the USPS Tracking Results reflecting that an item[8] was sent on May 28, 2017 by "First Class Mail, Certified Mail", and is still "In

---

[7] Fed.R.Civ.P. 10(c) (written instrument that is an exhibit to a pleading is part of the pleading for all purposes). See Fed.R.Bankr.P. 7010 (Rule 10 applies in adversary proceedings).

[8] Apparently this is the notice of the pending foreclosure that was sent to Debtor. The notice itself is not part of the record. Debtor's Reply Brief, Doc. No. 24 p 5. This is immaterial to BOA's motion because Debtor has not denied that the statutory notice was sent and does not contend that its contents failed to comply with the requirements of the statute.

Transit". Since the notice was not actually delivered to Debtor, she argues that BOA failed to comply with O.C.G.A. § 44-14-162.2 and due process. However:

> In McCollum v. Pope, 261 Ga. 835, 411 S.E. 2d 874 (1992), this Court plainly determined that when the grantee in a security deed mails a notification of the sale under power correctly addressed to the grantor of the security deed in accordance with the provisions of OCGA § 44-14-162.2, the actual receipt, or want of receipt, by the grantor is immaterial to the right of the grantee to sale under power.

Parks v. Bank of N.Y., 279 Ga. 418, 420, 614 S.E.2d 63, 65 (2005); Accord, Thompson-El v. Bank of America, N.A., 327 Ga. App. 309, 759 S.E. 2d 49, 52 (2014); Arrington v. Reynolds, 255 Ga. App. 291, 564 S.E. 2d 870, 871 (2002); Walker v. JPMorgan Chase Bank, N.A., 987 F.Supp. 2d 1348 (N.D. Ga. 2013).

Debtor distinguishes McCollum by noting that it contains no recitation of facts and simply states a general proposition in a single paragraph. In Parks and Walker, she argues, the certified mail receipts were in fact signed by some unknown persons, so at least the notices were delivered to the property.

The case of Eason v. PNC Bank, N.A. 2014 WL 11460477 (N.D. Ga. Aug. 13, 2014), aff'd 617 F.Appx. 942 (11th Cir. 2015) is squarely on point. Foreclosure counsel for PNC sent Eason notices of the foreclosure proceedings via both first class and certified mail. Eason did not receive either notice. The notices sent by certified mail were returned to PNC's foreclosure counsel, marked "return to sender, no such number, unable to forward." The foreclosure sale occurred as scheduled. Eason's first notice that the property had been foreclosed upon was the sheriff's eviction notice tacked to her door. Eason filed a complaint for wrongful foreclosure. Id. at *2. The District Court for the Northern District of Georgia stated:

8

> PNC's foreclosure counsel timely sent [Eason] two foreclosure notices, each via first class and certified mail. It is undisputed that one of these notices was addressed to 171-173 Battery Pl NE, Atlanta, Georgia 30307. (Doc. 43-4 at 5). This address matches the notice address under the terms of the Security Deed. [Eason] asserts that despite this, the notice was still defective because Defendants had actual knowledge that both foreclosure notices were returned by the U.S. Postal Service. [Eason] believes that the statutory provision of § 44-14-162.2(a) requiring "return receipt requested" for notices sent via certified mail supports her position. (Doc. 48 at 8.)
>
> [Eason's] reading of § 44-14-162.2 is not accurate. It is well-settled that "when the grantee in a security deed mails a notification of the sale under power correctly addressed to the grantor of the security deed in accordance with the provisions of O.C.G.A. § 44-14-162.2, the actual receipt, or want of receipt, by the grantor is immaterial to the right of the grantee to sale under power." *Parks v. Bank Of New York*, 614 S.E.2d 63, 65 (Ga. 2005) (endorsing an analogous holding of *McCollum v. Pope*, 411 S.E.2d 874 (Ga. 1992)). Even a lender's actual knowledge that a notice address may be defective will not render the notice invalid, if a debtor has not designated a different notice address in writing. See § 44-14-162.2(a); *Zeller v. Home Fed. Sav. & Loan Ass'n of Atlanta*, 471 S.E.2d 1, 2-3 (Ga. Ct. App. 1996) (holding that written notice, rather than a telephone call or other means, is necessary to modify a borrower's notice address under § 44-14-162.2(a)*)*. While the Court views this legal principle as hyper-technical, it is bound to apply clearly established Georgia precedent that is on point.
>
> Ultimately, Defendants provided [Eason] with adequate notice under both § 44-14-162.2(a) and the Security Deed by mailing the notice of foreclosure sale to the Property address. *See Jackson v. Bank One*, 652 S.E.2d 849, 850 (Ga. Ct. App. 2007). Accordingly, the Court finds that, viewed in the light most favorable to [Eason], the evidence does not present a question of material fact, and that Defendants are entitled to summary judgment on [Eason's] wrongful foreclosure and breach of contract claims.

Id. at *4. On appeal, the Eleventh Circuit affirmed and stated "Georgia law only requires the grantee in a security deed to mail notice according to Ga. Code Ann. § 44-14-162.2; whether

the grantor receives notice is "immaterial to the rights of the grantee to sale under power." Eason v. PNC Bank, N.A., 617 F. Appx. 942, 944 (11th Cir. 2015) (citations omitted).

Debtor also argues that due process was violated because she did not receive actual notice of the pending foreclosure. However, this argument was rejected in Parks, supra, There, Parks argued that O.C.G.A. § 44-14-162.2 violated due process under the State and Federal Constitutions because the statute did not require that the mortgagor receive actual notice of a pending foreclosure. The Georgia Supreme Court disagreed and held that, because there is no state action involved in O.C.G.A. § 44-14-162.2, the statute did not violate constitutional due process. Id., 279 Ga. at 419, 614 S.E. 2d at 64-65.

Debtor argues that the Security Deed in this case put a higher standard on BOA to ensure that notice was properly sent. Paragraph 13 of the Security Deed provides:

> Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail <u>unless applicable law requires use of another method</u>. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. <u>Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.</u>

Doc. 23, Exhibit A para 13.[9] (emphasis supplied).

Debtor argues that there is no evidence that the notice was sent by first class mail. However, Paragraph 13 requires that notices be given by first class mail "unless applicable law requires use of another method." The applicable statute for foreclosure notices is

---

[9] Debtor consents to the Court considering this document which is an exhibit attached to BOA's brief. Doc. No. 24 p 2 fn 1.

O.C.G.A. § 44-14-162.2(a) which provides for notices to be given by "registered or certified mail or statutory overnight delivery, return receipt requested". In compliance therewith, BOA gave notice by certified mail, return receipt requested.

Further, the language of Paragraph 13 refutes Debtor's contention that, to be effective, a notice must actually be received. The last sentence of Paragraph 13 provides that notices are "deemed to have been given...when <u>given</u> as provided in this paragraph." (emphasis supplied.) There is no requirement for actual receipt of the notice.

The Court will grant BOA's motion as to Count One.

Count Two of the complaint seeks to set aside the foreclosure sale as a preferential transfer pursuant to 11 U.S.C. § 547(b).[10] BOA contends that Debtor has no standing to bringing an avoidance action under section 547. However, this Court has held that a Chapter 13 debtor has a limited right to assert a preference claim under 11 U.S.C. § 522(h). <u>Perkins v. Gilbert (In re Perkins)</u>, 169 B.R. 455, 461-62 (Bankr. M.D. Ga. 1994) (Walker, J.); <u>Pilgreen v. Brown & Williamson Fed. Credit Union (In re Pilgreen)</u>, 161 B.R. 552, 553-54 (Bankr. M.D. Ga. 1989) (Hershner, J.). Although the complaint does not assert a claim under section 522(h), the Court will assume, without deciding, that Debtor has standing to bring this claim.

Under 11 U.S.C. § 547(b)(5), a transfer of Debtor's property may be avoided if it:

> ...enables [the] creditor to receive more than [the] creditor would receive if-
>
> > (A) the case were a case under Chapter 7 of this title;
> > (B) the transfer had not been made; and

---

[10] BOA argues that section 547(b) can never apply to a non-judicial foreclosure sale. Doc. 23 p 20. Because the facts deemed true show that BOA did not receive a preferential transfer, the Court need not address this issue.

11

>> (C) [the] creditor received payment of such debt
>> to the extent provided by the provisions of this
>> title.

Assuming as true that the value of the Property was $123,000, had a Chapter 7 trustee liquidated the Property, BOA would have been paid the full amount of its claim of $103,000. However, at foreclosure, BOA received only $88,500. Since it did not receive more than it would have received in a Chapter 7 case, Debtor's Count Two fails. Accordingly, the Court will grant BOA's motion as to Count Two.

Count Three of the complaint seeks to set aside the foreclosure sale as an avoidable fraudulent transfer pursuant to 11 U.S.C. § 548, because the foreclosure sale price ($88,500) was less than the reasonably equivalent value of the Property ($123,000).[11] "'[R]easonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law has been complied with." BFP v. Resolution Trust Corp., 511 U.S. 531, 545, 114.S.Ct. 1757, 1765, 128 L.Ed.2d 596 (1994). Except with respect to her contention that she did not receive actual notice of the sale, which the Court has already addressed, Debtor makes no allegation that BOA failed to comply with Georgia's foreclosure law. Accordingly, the Court will grant BOA's motion as to Count Three.

Finally, in Count Four, Debtor alleges that BOA violated the automatic stay, 11 U.S.C. § 362, by recording the foreclosure deed after Debtor filed for bankruptcy relief. Debtor's equity of redemption under the deed to secure debt terminated when BOA accepted the high

---

[11] As it did with respect to the preference claim, the Court will assume, without deciding, that the Debtor has standing to assert a fraudulent transfer claim under section 522(h).

bid from Najarian Capital. This terminated Debtor's interest in the Property. Therefore, even though the foreclosure deed was recorded after she filed for bankruptcy relief, BOA's postpetition recording of the deed after the prepetition termination of Debtor's interest was not a violation of the automatic stay. Bishop v. GMAC Mtg, LLC (In re Bishop), 470 B.R. 633 (Bankr. M.D. Ga. 2011); Williams v. SunTrust Bank (In re Williams), 393 B.R. 813, 819-20 (Bankr. M.D. Ga. 2008) (Hershner, J.); Sanders v. AmSouth Mtg. Co (In re Sanders), 108 B.R. 847, 849 (Bankr. S.D. Ga. 1989); Pearson v. Fleet Fin. Center, Inc. (In re Pearson), 75 B.R. 254, 255 (Bankr. N.D. Ga. 1985).

In summary, BOA is entitled to judgment on the pleadings and its motion will be granted.[12] Further, Debtor's claim against Narjarian Capital, LLC (cancellation of the foreclosure sale and return of title) is dependent upon her prevailing on her claims against BOA. Since all of her claims against BOA failed, she has no claim against Narjarian Capital, LLC. Accordingly, the Court will enter an order dismissing Debtor's complaint with prejudice.

*END OF DOCUMENT*

---

[12] Since Debtor's substantive claims for damages fail, Debtor has no independent claims for attorneys fees or punitive damages. Davis v. Johnson, 280 Ga. App. 318, 320, 634 S.E. 2d 108, 110 (2006) (attorneys fees and expenses of litigation under O.C.G.A. § 13-6-11 are "ancillary and recoverable only where other elements of damages are recoverable on the underlying claim") (internal quotation marks omitted); Green v. Home Depot USA, Inc., 277 Ga. App. 779, 783, 627 S.E. 2d 836, 839 (2006) ("Since [p]laintiff cannot recover on his underlying tort claims as a matter of law, there can be no punitive damages thereon.")